### In re GRAND JURY INVESTIGATION.
### No. M 11–188(MP).

United States District Court,
S. D. New York.

June 3, 1976.

---

Securities and Exchange Commission, Washington, D. C. by Theodore Sonde, Bobby C. Lawyer, Brian B. McMenamin, and Frederic M. Krieger, Washington, D. C., for S. E. C.

Winthrop, Stimson, Putnam & Roberts, New York City by Edwin J. Wesely, John F. Pritchard, and Susan S. Egan, New York City, for Marion Jay Epley, III.

## MEMORANDUM

POLLACK, District Judge.

The Securities and Exchange Commission has applied for an order authorizing the United States Attorney for the Southern District of New York to disclose to the Commission the transcripts of all testimony which one Marion Jay Epley, III, gave to a grand jury in the Southern District on October 29 and November 1, 1973. The SEC seeks to use the testimony to refresh the witness' testimony on depositions being taken in pending civil litigations brought by the SEC and by private litigants. The application was initially made *ex parte* and was denied on March 5, 1976 without prejudice to renewal on notice. The SEC thereupon made the instant motion on notice to Mr. Epley who has appeared in opposition. The motion is denied for the reasons which appear hereafter.

Mr. Epley, a partner at White & Case, a New York law firm, testified before the grand jury in connection with an investigation into the affairs of the National Student Marketing Corporation and possible violations of the federal securities laws by persons associated with it. Mr. Epley was an

avowed target of that investigation, but the grand jury did not indict him. He had previously been named a defendant in an SEC civil enforcement action commenced in February 1972, *SEC v. National Student Marketing Corp., et al.,* 360 F.Supp. 284 (D.D.C.) as well as in a number of private (stockholder) civil suits arising from the same transactions.

Pre-trial discovery proceedings have been consolidated in the pending SEC and private civil cases. The SEC contends that it needs to refresh Mr. Epley's recollection— illustrated by his many failures of memory in the recent depositions—and that this warrants a departure from the policy favoring secrecy of grand jury proceedings.

### I.

Rule 6(e) of the Fed.R.Crim.P. governs the disclosure of matters occurring before a grand jury. It permits disclosure in only two instances: (1) "to the attorneys for the government for use in the performance of their duties;" and (2) "when so directed by the court preliminarily to or in connection with a judicial proceeding . . . " or at the request of a defendant to dismiss an indictment.

■ SEC lawyers do not qualify under the first category as "attorneys for the government," as that phrase has been defined in Rule 54(c), Fed.R.Crim.P., to exclude all but Justice Department lawyers. *See In re Grand Jury Proceedings,* 309 F.2d 440, 443 (3d Cir. 1962). Hence, the SEC must move under the second provision in the Rule for an order "in connection with" its civil lawsuit against Mr. Epley.

■ It is settled that Rule 6(e) permits disclosure in connection with civil, and not merely criminal, proceedings. *See United States v. Procter & Gamble Co.,* 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958). Judge Hand has defined the phrase "judicial proceeding" in Rule 6(e) to encompass

> any proceeding determinable by a court, having for its object the compliance of any person, subject to judicial control, with standards imposed upon his conduct in the public interest, even though such

compliance is enforced without the procedure applicable to the punishment of crime. *Doe v. Rosenberry,* 255 F.2d 118, 120 (2d Cir. 1958).

The Second Circuit has in effect re-affirmed *Doe* in *Atlantic City Electric Co. v. A. B. Chance Co.,* 313 F.2d 431, 434 (2d Cir. 1963).

■ Nonetheless, the grand jury is not an investigative tool at the disposal of the SEC or any other government agency, and the grand jury process may not be abused by allowing its work-product to be funnelled to other government agencies which happen to have an interest in a subject which a grand jury has examined. Accordingly, Rule 6(e) empowers a judge to exercise his discretion in favor of disclosure only where the party seeking disclosure has shown that " 'a particularized need' exists for the minutes which outweighs the policy of secrecy." *Pittsburgh Plate Glass Co. v. United States,* 360 U.S. 395, 400, 79 S.Ct. 1237, 1241, 3 L.Ed.2d 1323 (1959).

■ The "particularized need" test is applicable here even though the grand jury panel involved in this proceeding has long since been discharged. Although some of the reasons for maintaining secrecy are no longer applicable as a consequence, the interest in protecting "the willingness of witnesses to appear and testify freely in the future" remains very much alive. *See Baker v. United States Steel Corp.,* 492 F.2d 1074, 1079 (2d Cir. 1974). The Supreme Court has properly recognized that "[t]he grand jury as a public institution serving the community might suffer if those testifying today knew that the secrecy of their testimony would be lifted tomorrow." *United States v. Procter & Gamble, supra,* 356 U.S. at 682, 78 S.Ct. at 986. Thus, there can be no reduction in the burden which the SEC must meet to prevail on the instant motion, even though the grand jury is no longer investigating National Student Marketing's affairs.

### II.

■ The SEC has clearly failed to show the requisite "particularized need" for Mr.

 

Epley's testimony before the grand jury. While the need to refresh a witness' recollection or to impeach his testimony may often be sufficiently compelling to warrant disclosure of grand jury proceedings, *see United States v. Procter & Gamble, supra,* 356 U.S. at 683, 78 S.Ct. 983 (dictum); *Baker v. United States Steel Co., supra,* 492 F.2d at 1079 (dictum); *Consolidated Edison Co. v. Allis-Chalmers Mfg. Co.,* 217 F.Supp. 36, 38 (S.D.N.Y.1963), the SEC may not invoke that justification in this case.

Mr. Epley did not testify before the grand jury until the fall of 1973, some four years after the occurrence of the transactions which are at issue in the civil actions brought by the SEC and the private plaintiffs. Yet, he testified on the events in question in a private investigation conducted by the Securities and Exchange Commission itself as early as June 1971, and he appeared before and furnished statements to representatives of the Criminal Division of the Department of Justice in Washington in May 1973. Although he asserted the attorney-client privilege in regard to some of the questions posed by the SEC in 1971, NSMC, Epley's client, had waived the privilege by the time he made his 1973 statements before the Justice Department.

Thus, to the extent that the transcripts of his statements to the SEC and the Justice Department contain a discussion of the same transactions which were the subject of Mr. Epley's grand jury testimony, there is obviously no need to violate the confidentiality of the grand jury minutes; those earlier transcripts are entirely available to the SEC to refresh Mr. Epley's recollection during the current series of depositions. Indeed, since those transcripts record testimony which preceded Mr. Epley's appearance before the grand jury, they would appear to constitute a more reliable and effective means to refresh Mr. Epley's memory than the grand jury minutes sought here.

There remain two aspects of the affairs of National Student Marketing in which the SEC has an interest which were not discussed either in Mr. Epley's appearance before the SEC in 1971 or before the Justice Department in 1973. The Court has therefore reviewed the transcripts of Mr. Epley's grand jury testimony to ascertain if they would assist the SEC in its purpose to refresh Mr. Epley's recollection of those two subjects. It appears, however, that the minutes are either silent on the topics, or contain nothing beyond that which appears in Mr. Epley's 1976 depositions. Thus, the SEC could not possibly establish any "particularized need" which would justify disclosure of the grand jury transcripts.

Accordingly, the SEC's motion for an order authorizing disclosure of grand jury testimony is denied in all respects.

SO ORDERED.