**In re DECEMBER 1974 TERM GRAND JURY INVESTIGATION.**

Civ. A. No. M–78–171.

United States District Court,
D. Maryland.

Feb. 23, 1978.

Russell T. Baker, Jr., U. S. Atty. for the District of Maryland and Daniel J. Hurson, Asst. U. S. Atty. for the District of Maryland, Baltimore, Md., for the United States of America.

MEMORANDUM

JAMES R. MILLER, Jr., District Judge.

The United States seeks an *ex parte* court order authorizing disclosure to Internal Revenue Service (IRS) agents of documents subpoenaed by the Special Federal Grand Jury No. 1, December, 1974 and transcripts of testimony before the grand jury for the purpose of determining whether the matters under investigation have involved the incurrence of civil tax liabilities by a certain individual, hereinafter termed the taxpayer.[1]

The taxpayer was indicted on multiple counts of mail fraud. Subsequently he pled guilty to willful failure to file income tax returns pursuant to a plea agreement under which the mail fraud charges were dismissed. He has been sentenced.

The disclosure is sought pursuant to F.R. Crim.P. 6(e). As amended by Pub.L. 95–78, 91 Stat. 319, effective October 1, 1977, Rule (6)(e) provides as follows:

"(e) Secrecy of Proceedings and Disclosure—

"(1) General Rule—A grand juror, an interpreter, a stenographer, an operator of a recording device, a typist who transcribes recorded testimony, an attorney for the Government, or any person to whom disclosure is made under paragraph (2)(A)(ii) of this subdivision shall not disclose matters occurring before the grand jury, except as otherwise provided for in these rules. No obligation of secrecy may be imposed on any person except in accordance with this rule. A knowing violation of rule 6 may be punished as a contempt of court.

"(2) Exceptions—

"(A) Disclosure otherwise prohibited by this rule of matters occurring before the grand jury, other than its deliberations and the vote of any grand juror, may be made to—

"(i) an attorney for the government for use in the performance of such attorney's duty; and

"(ii) such government personnel as are deemed necessary by an attorney for the government to assist an attorney for the government in the performance of such attorney's duty to enforce Federal criminal law.

"(B) Any person to whom matters are disclosed under subparagraph (A)(ii) of this paragraph shall not utilize that grand jury material for any purpose other than assisting the attorney for the government in the performance of such attorney's duty to enforce Federal criminal law. An attorney for the government shall promptly provide the district court, before which was impaneled the grand jury whose material has been so disclosed, with the names of the persons to whom such disclosure has been made.

"(C) *Disclosure otherwise prohibited by this rule of matters occurring before the grand jury may also be made—*

"(i) *when so directed by a court preliminarily to or in connection with a judicial proceeding;* or

"(ii) when permitted by a court at the request of the defendant, upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury.

"(3) Sealed Indictments—The Federal magistrate to whom an indictment is returned may direct that the indictment be kept secret until the defendant is in custody or has been released pending trial. Thereupon the clerk shall seal the indictment and no person shall disclose the return of the indictment

---

1. In order to preserve grand jury secrecy this memorandum will not refer to the individual about whom the United States seeks to disclose the information. The individual is identified in an Appendix to the original memorandum filed in this case.

except when necessary for the issuance and execution of a warrant or summons." (Emphasis added).

Prior to the enactment of the 1977 amendment to Rule 6(e) the rule provided as follows:

"(e) Secrecy of Proceedings and Disclosure. Disclosure of matters occurring before the grand jury other than its deliberations and the vote of any juror may be made to the attorneys for the government for use in the performance of their duties. Otherwise a juror, attorney, interpreter, stenographer, operator of a recording device, or any typist who transcribes recorded testimony may disclose matters occurring before the grand jury only when so directed by the court preliminarily to or in connection with a judicial proceeding or when permitted by the court at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury. No obligation of secrecy may be imposed upon any person except in accordance with this rule. The court may direct that an indictment shall be kept secret until the defendant is in custody or has given bail, and in that event the clerk shall seal the indictment and no person shall disclose the finding of the indictment except when necessary for the issuance and execution of a warrant or summons."

The legislative history of the 1977 amendments to Rule 6(e) contains the following relevant comments:

"Rule 6(e)

"Subsection (A) of section 2 concerns rule 6(e) which deals with the secrecy of grand jury proceedings.

"Rule 6(e) currently provides that 'disclosure of matters occurring before the grand jury other than its deliberations and the vote of any juror may be made to the attorneys for the government for use in the performance of their duties'. Rule 54(c) defines attorneys for the government to mean 'the Attorney General, an authorized assistant to the Attorney General, a United States attorney, and an authorized assistant of the United States attorney, and when applicable to cases arising under the laws of Guam, means the Attorney General of Guam . . .'

"The Supreme Court proposal would change Rule 6(e) by adding the following new language:

For purposes of this subdivision, 'attorneys for the government' includes those enumerated in Rule 54(c); it also includes such other government personnel as are necessary to assist the attorneys for the government in the performance of their duties.

It would also make a series of changes in the rule designed to make its provisions consistent with other provisions in the Rules and the Bail Reform Act of 1966.[5]

"[5] For example, the rule presently speaks of a 'court' keeping an indictment secret until the defendant is in custody. The proposed amendment would change 'court' to 'federal magistrate' in order to make Rule 6(e) consistent with Rule 6(f). The Rule as amended would not preclude a judge from receiving an indictment and keeping it secret. Rule 54(e) defines 'federal magistrate' to include U. S. Judges as well as U. S. Magistrates.

"The Advisory Committee note states that the proposed amendment is intended 'to facilitate an increasing need, on the part of Government attorneys to make use of outside expertise in complex litigation.'[6]

"[6] Advisory Committee note to proposed amendment to Rule 6, in communication from the Chief Justice of the United States, H. Doc. 94-464, at 8.

"The note indicated that:[7]

"[7] Id. at 9.

Although case law is limited, the trend seems to be in the direction of allowing disclosure to Government personnel who assist attorneys for the Government in situations where their expertise is required. This is subject to the qualification that the matter disclosed be used only for the purposes of the grand jury investigation.

"It is past history at this point that the Supreme Court proposal attracted substantial criticism, which seemed to stem more

from the lack of precision in defining, and consequent confusion and uncertainty concerning, the intended scope of the proposed change than from a fundamental disagreement with the objective.[8]

"[8] Federal Rules of Criminal Procedure Amendments. Hearings before the Subcommittee on Criminal Justice. Committee on the Judiciary. U.S. House of Representatives, 95th Cong. 1st sess. (1977) (hereinafter cited as House Hearings), pp. 19–56, 66–71, 85–95, 105–106, 111--114, 124, 147–166, 181, 204, 229–230, and 246–247.

"Attorneys for the Government in the performance of their duties with a grand jury must possess the authority to utilize the services of other government employees. Federal crimes are 'investigated' by the FBI, the IRS, or by Treasury agents and not by government prosecutors or the citizens who sit on grand juries. Federal agents gather and present information relating to criminal behavior to prosecutors who analyze and evaluate it and present it to grand juries. Often the prosecutors need the assistance of the agents in evaluating evidence. Also, if further investigation is required during or after grand jury proceedings, or even during the course of criminal trials, the Federal agents must do it. There is no reason for a barrier of secrecy to exist between the facets of the criminal justice system upon which we all depend to enforce the criminal laws.

"The parameters of the authority of an attorney for the government to disclose grand jury information in the course of performing his own duties is not defined by Rule 6. However, a commonsense interpretation prevails, permitting 'Representatives of other government agencies actively assisting United States attorneys in a grand jury investigation . . . access to grand jury material in the performance of their duties.'[9] Yet projected against this

"[9] United States v. Evans, 526 F.2d 701 (5th Cir. 1976). See also United States v. Hoffa, 349 F.2d 20, 43 (6th Cir. 1965); United States v. United States District Court, 238 F.2d 713 (4th Cir. 1975); cert. denied, sub nom. Valley Bell Dairy Co. v. United States, 352 U.S. 981, 77 S.Ct. 382, 1 L.Ed.2d 365; United States v. Culver, 224 F.Supp. 419, 432 (D.Md.1963); United States v. Anzelmo, 319 F.Supp. 1106, 1116 (E.D.La.1970).

current practice, and the weight of case law, is the anomalous language of Rule 6(e) itself, which, in its present state of uncertainty,[10] is spawning some judicial decisions

"[10] There are indications that the Supreme Court's proposed change will not clarify the present situation and may even lead to further unclarity. As observed by the Ninth Circuit:
The requirement for a showing of need would remain under the pending amendments to Rule 6(e) which expand 'attorneys for the government' to include 'such other Government personnel as are necessary to assist the attorneys for the government in the performance of their duties.' 44 U.S. L.W. 4549 (emphasis added). Because of the United States Attorney's involvement in the prosecution of the case, he or she cannot be entrusted with passing on the necessity of assistance. Cf. Coolidge v. New Hampshire (1971), 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564.
J. R. Simplot Co. v. United States Court for the District of Idaho, Nos. 76–1893, 76–1995, slip opinion at 8 n. 15 (9th Cir. filed November 12, 1976, petition for rehearing en banc dismissed as moot on June 28, 1977. See also Robert Hawthorne, Inc. v. Director of Internal Revenue, 406 F.Supp. 1098, 1126 (E.D.Pa.1976); In re April 1977 Grand Jury Subpoenas (General Motors Corporation). Misc. No. 77–144 (E.D.Mich. June 28, 1977).

highly restrictive of the use of government experts that require the government to 'show the necessity (to the Court) for each particular person's aid rather than showing merely a general necessity for assistance, expert or otherwise'[11] and that make Rule

"[11] J. R. Simplot Co. v. U. S. District Court of the District of Idaho, supra note 10, at 9.

6(e) orders subject to interlocutory appeal.[12]

"[12] Interlocutory appeal of issues disruptive of grand jury investigation are not favored. As observed by Justice Frankfurther in considering the appealability of a motion to quash a grand jury subpena:
"The duration of its (the grand jury's) life, frequently short, is limited by statute. It is no less important to safeguard against undue interruption the inquiry instituted by a grand jury than to protect from delay the progress of the trial after an indictment has been found. Opportunity for obstructing the 'orderly progress' of investigation should no more be encouraged in one case than in the other. Cobbledick v. United States, 309 U.S. 323, 327, 60 S.Ct. 540, 84 L.Ed. 783 (1940).
"In light of the burden on the government and the disruption of the grand jury process, there is substantial doubt about the wisdom of interposing the court as referee between the grand jury and its criminal investigative sup-

port. Civil misuse can be raised in subsequent civil proceedings.

"In this state of uncertainty, the Committee believes it is timely to redraft subdivision (e) of Rule 6 to make it clear.

"Paragraph (1) as proposed by the Committee states the general rule that a grand jury, an interpreter, a stenographer, an operator of a recording device, a typist who transcribes recorded testimony, an attorney for the government, or government personnel to whom disclosure is made under paragraph (2)(A)(ii) shall not disclose matters occurring before the grand jury, except as otherwise provided in these rules. It also expressly provides that a knowing violation of Rule 6 may be punished as a contempt of court. In addition, it carries forward the current provision that no obligation of secrecy may be imposed on any person except in accordance with this Rule.

"Having stated the general rule of nondisclosure, paragraph (2) sets forth exemptions from nondisclosure. Subparagraph (A) of paragraph (2) provides that disclosure otherwise prohibited, other than the grand jury deliberations and the vote of any grand juror, may be made to an attorney for the government for use in the performance of his duty and to such personnel as are deemed necessary by an attorney for the government to assist an attorney for the government in the performance of such attorney's duty to enforce Federal criminal law. In order to facilitate resolution of subsequent claims of improper disclosure, subparagraph (B) further provides that the names of government personnel designated to assist the attorney for the government shall be promptly provided to the district court and such personnel shall not utilize grand jury material for any purposes other than assisting the attorney for the government in the performance of such attorney's duty to enforce Federal criminal law. Although not expressly required by the rule, the Committee contemplates that the names of such personnel will generally be furnished to the court before disclosure is made to them. Subparagraph (C) permits disclosure as directed by a court preliminarily to or in connection with a judicial pro-

ceeding or, at the request of the defendant, upon a showing that grounds may exist for dismissing the indictment because of matters occurring before the grand jury. Paragraph (3) carries forward the last sentence of current Rule 6(e) with the technical changes recommended by the Supreme Court.

"The Rule as redrafted is designed to accommodate the belief on the one hand that Federal prosecutors should be able, without the time-consuming requirement of prior judicial interposition, to make such disclosures of grand jury information to other government personnel as they deem necessary to facilitate the performance of their duties relating to criminal law enforcement. On the other hand, the Rule seeks to allay the concerns of those who fear that such prosecutorial power will lead to misuse of the grand jury to enforce non-criminal Federal laws by (1) providing a clear prohibition, subject to the penalty of contempt and (2) requiring that a court order under paragraph (C) be obtained to authorize such a disclosure. *There is, however, no intent to preclude the use of grand jury-developed evidence for civil law enforcement purposes. On the contrary, there is no reason why such use is improper, assuming that the grand jury was utilized for the legitimate purpose of a criminal investigation. Accordingly, the Committee believes and intends that the basis for a court's refusal to issue an order under paragraph (C) to enable the government to disclose grand jury information in a non-criminal proceeding should be no more restrictive than is the case today under prevailing court decisions.*[13] *It is contemplated that*

"[13] *United States v. Procter & Gamble,* 356 U.S. 677, 683–684, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958); *Robert Hawthorne, Inc. v. Director of Internal Revenue Service, supra* note 10.

*the judicial hearing in connection with an application for a court order by the government under subparagraph (3)(c)(i) [sic] should be ex parte so as to preserve, to the maximum extent possible, grand jury secrecy.*[14] "

"[14] But see *J. R. Simplot Co., supra* note 11."

Senate Report No. 95–354, 1977 U.S.Code Cong. and Admin.News, pp. 529–532. (Emphasis added).

The "prevailing court decisions", referred to in the footnote in the legislative history, address only indirectly the issue of disclosure of grand jury materials to government agency personnel for civil law enforcement purposes and offer little guidance on the procedure to be followed in issuing an order authorizing such disclosure.

In *United States v. Procter & Gamble,* 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958), the Supreme Court's discussion of the use of grand jury material by the government in civil proceedings is *dicta.* The issue before the Court in that case was whether in a civil antitrust action the defendants had shown "good cause", as required under Rule 34 of the F.R.Civ.P., for the discovery and production of transcripts of the proceedings of a federal grand jury which had investigated possible criminal antitrust violations but had not returned an indictment. Justice Douglas for the Court emphasized that "[the] 'indispensable secrecy of grand jury proceedings'  .   .   . must not be broken except where there is a compelling necessity" and indicated that while "[t]here are instances when that need will outweigh the countervailing policy", "  .   .   . they must be shown with particularity". *Id* at 682, 78 S.Ct. at 986. The court found that no such particularized need had been shown for the disclosure of any specified part of the grand jury transcripts and that "[i]t is only when the criminal procedure is subverted that 'good cause' for *wholesale* discovery and production of a grand jury transcript would be warranted." 356 U.S. 684, 78 S.Ct. at 987. (Emphasis in the original).

In the context of holding that the appellees (defendants) had failed, under the circumstances of the case, to show a "compelling necessity" for *wholesale* discovery and production of the grand jury transcripts, the opinion of the Court addressed the issue of the government's use of the transcripts in preparation for the civil trial. Justice Douglas for the Court stated:

".   .   . [The lower court] also seemed to have been influenced by the fact that the prosecution was using criminal procedures to elicit evidence in a civil case. If the prosecution were using that device, it would be flouting the policy of the law. For in these Sherman Act cases Congress has guarded against *in camera* proceedings by providing that 'the taking of depositions  .   .   . shall be open to the public' and that no order excluding the public shall be valid. 37 Stat. 731, 15 U.S.C. § 30.

We cannot condemn the Government for any such practice in this case. There is no finding that the grand jury proceeding was used as a short cut to goals otherwise barred or more difficult to reach. It is true that no indictment was returned in the present case. But that is no reflection on the integrity of the prosecution. For all we know, the trails that looked fresh at the start faded along the way. What seemed at the beginning to be a case with a criminal cast apparently took on a different character as the events and transactions were disclosed. The fact that a criminal case failed does not mean that the evidence obtained could not be used in a civil case. It is only when the criminal procedure is subverted that 'good cause' for *wholesale* discovery and production of a grand jury transcript would be warranted. No such showing was made here." (Emphasis in the original). 356 U.S. 683–684, 78 S.Ct. at 987.

Whether or not government abuse of the grand jury process existed was the test utilized by the Court in *United States v. Procter & Gamble, supra,* to determine if private party defendants in a civil case should be given wholesale access to grand jury materials, the Court finding such access was warranted only when the grand jury process had been "subverted". In subsequent cases, however, lower federal courts have indicated that this test is also appropriate for determining whether government attorneys and agency personnel may use grand jury material for subse-

quent civil law enforcement purposes. *See, e. g., Robert Hawthorne, Inc. v. Director of Internal Revenue,* 406 F.Supp. 1098, 1119 n. 35 (E.D.Pa.1976); *In Re July 1973 Grand Jury,* 374 F.Supp. 1334 (N.D.Ill.1973); *In Re William H. Pflaumer & Sons, Inc.,* 53 F.R.D. 464 (E.D.Pa.1971).

Justice Whittaker's concurring opinion in *United States v. Procter & Gamble* suggested that, in that case, the grand jury materials in issue were being used, not only by Government attorneys, but also by its "agents and investigators." 356 U.S. at 684–685, 78 S.Ct. 983.

Lower federal courts have accordingly indicated that subsequent civil use of grand jury material by agency personnel, as well as by attorneys for the government, is proper as long as (1) the grand jury has not been used as a subterfuge for obtaining evidence for a civil case and (2) the material remains under the aegis of the government attorneys. *See, e. g., Robert Hawthorne, Inc. v. Director of Internal Revenue, supra; In Re July 1973 Grand Jury, supra; In Re William H. Pflaumer & Sons, Inc., supra.* The legislative history reflects Congress' approval of the *Robert Hawthorne, Inc.* decision and its intention that disclosure of grand jury material to agency personnel for civil law enforcement purposes may be allowed under Rule 6(e)(2)(C)(i) so long as the grand jury had been utilized for legitimate purposes of criminal investigation. *See* Senate Report, *supra.*

In *Robert Hawthorne, Inc. v. Director of Internal Revenue, supra,* the district court considered, among other issues, the allegation of a corporation, which was the target of a grand jury investigation, that the grand jury was being used as a subterfuge to obtain records for civil tax purposes. The court found that the sole purpose of the grand jury was criminal, stating:

"Still another contention as to bad faith and abuse is that the grand jury investigation was either a subterfuge for carrying on a previous I.R.S. investigation or a cover to obtain records for civil tax purposes. (Footnote omitted). Where the grand jury is used by the government as a cover to obtain records for a civil inves-

tigation, the grand jury process is subverted and relief must be granted. *In re April 1956 Term Grand Jury,* 239 F.2d 263 (7th Cir. 1956); *United States v. Doe,* 341 F.Supp. 1350 (S.D.N.Y.1972); *Pflaumer, supra,* 53 F.R.D. at 473, 474; *cf. United States v. Ryan,* 455 F.2d 728, 731–33 (9th Cir. 1972); *Durbin v. United States,* 94 U.S.App.D.C. 415, 221 F.2d 520 (1954). However, we have found as a fact that there was no previous I.R.S. investigation, that the grand jury was not used as a cover to obtain records for civil purposes and that the sole purpose of the grand jury investigation was criminal in nature." 406 F.Supp. at 1118.

In a footnote the court discussed the question of possible future civil use of the grand jury materials as follows:

"Neither is there merit to plaintiff's contention that no civil use may ever be made of the subpoenaed material. So long as the government did not act in bad faith, ultimate civil use is proper. (The government has certified that no such use has been made to date.) See *United States v. General Electric Co.,* 209 F.Supp. 197 (E.D.Pa.1962); *In re Petroleum Industry Investigation,* 152 F.Supp. 646 (E.D.Va.1957); *Pflaumer, supra,* 53 F.R.D. at 476." *Id.* at 1119.

Unlike the factual circumstance in *Robert Hawthorne, Inc., supra,* in the present case, authority is sought for disclosure of grand jury material to agency personnel for the purpose of *civil* law enforcement. The general principles of *Hawthorne,* however, appear applicable here.

■ In considering motions for a court order permitting disclosure to private parties under the second sentence of the prior version of Rule (6)(e) courts have generally allowed disclosure "where the ends of justice require it" but only upon a showing of a "particularized need" which outweighs the policy of secrecy. *See, e. g., Bast v. United States,* 542 F.2d 893 (4th Cir. 1976). In balancing the policy reasons for grand jury secrecy with the need of the party seeking disclosure, it has been recognized that as the reasons for maintaining secrecy diminish so does the need which one is

required to demonstrate in order to penetrate the veil of secrecy and obtain disclosure. *See, e. g., S. E. C. v. National Student Marketing Corp.*, 430 F.Supp. 639 (D.D.C.1977).

Among the reasons for the long-standing policy of secrecy of grand jury proceedings are:

"(1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before the grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt."

*United States v. Amazon Industrial Chemical Corp.*, 55 F.2d 254, 261 (D.Md. 1931) cited with approval in *United States v. Procter & Gamble*, 356 U.S. at 681 n. 6, 78 S.Ct. 983. Where, as here, the grand jury proceedings have terminated,[2] only the fourth and fifth reasons are relevant. *See, S. E. C. v. National Student Marketing Corp., supra; In Re Cement—Concrete Block, Chicago Area*, 381 F.Supp. 1108 (N.D.Ill.1974).

While the legislative history of the current Rule 6(e) is unclear as to whether Congress intended that a showing of "particularized need" be required for the disclosure of grand jury materials to government agency personnel for *non-criminal* use,[3] Congress did indicate its disapproval of prior case law requiring the government to show a particularized need for disclosure to agency personnel assisting attorneys for the government in their *criminal* law enforcement duties. Rule 6(e) was accordingly amended to permit disclosures without a court order to "such government personnel as are deemed necessary by an attorney for the government in the performance of such attorney's duty to enforce Federal criminal law."

The rationale of the Congress, expressed in the Senate Committee report, in eliminating the "particularized need" requirement in order to disclose grand jury materials for use in other criminal law enforcement duties would appear to be applicable as well to their disclosure to government personnel for use in civil law enforcement. As long as the material as to which disclosure is sought was obtained in a bona fide, good-faith grand jury proceeding directed toward ultimate criminal prosecution, there is no legitimate end to be served by requiring the government in a later civil action, or in connection with a prospective or existing later civil action, to again assemble and have produced testimony and documentary material which already exists by virtue of having been produced to the grand jury.[4]

Neither is there any merit to the argument that, by obtaining disclosure under Rule 6(e)(2)(C)(i), the IRS will circumvent the intent of Congress in enacting the recent amendments to 26 U.S.C. § 7609 (effective February 28, 1977) which require IRS to give notice to a taxpayer of the issuance of administrative third party sub-

---

2. Any Rule 6(e)(2)(C)(i) order issued by this court will be limited to disclosure of documents and testimony previously produced and will not extend to any grand jury materials which may be produced in the future.

3. *In Re Grand Jury Investigation*, 414 F.Supp. 74 (S.D.N.Y.1976) Judge Pollack held that the SEC was required to show a "particularized need" for disclosure of grand jury transcripts for use in a subsequent civil proceeding.

4. The sole question in the instant case is the extent to which, if at all, material developed by a federal grand jury may be disclosed, pursuant to Rule 6(e), F.R.Cr.P. to federal attorneys or other federal personnel in connection with a subsequent civil investigation or proceeding. This court obviously does not intend herein to decide the extent to which, if at all, such material, if disclosed as requested herein, would be admissible in evidence in later civil proceedings.

poenas and give the taxpayer the right to stay compliance and intervene in enforcement proceedings relating to such subpoenas. The amendments to Rule 6(e) were enacted after the amendments to 26 U.S.C. § 7609 which increased the burden on IRS to obtain third-party administrative subpoenas. The legislature history of the amendments to Rule 6(e) does not reflect any Congressional intent that Rule 6(e)(2)(C)(i) orders directing disclosure to IRS agents for civil law enforcement purposes be subject to any different standard than that applied to orders directing disclosure to other government agency personnel. To the contrary, in one of the cases referred to as representing prevailing court decisions, the court indicated its approval of disclosure to IRS agents, among others. *See Robert Hawthorne, Inc. v. Director of Int. Rev., supra.*

Based on the legislative history of the 1977 amendments to Rule 6(e) and the case law under the prior version of Rule 6(e), this court finds that the exception to the general rule of secrecy of grand jury proceedings contained in Rule 6(e)(2)(C)(i) is intended to permit disclosure by court order to government agency personnel for civil law enforcement use where the grand jury was utilized for the legitimate purpose of a criminal investigation. While the legislative history and the case law are unclear as to the procedure to be followed in issuing an order pursuant to Rule 6(e)(2)(C)(i), the court believes the procedure outlined below is appropriate.

First, there must be a showing under oath by a responsible official of the government that the grand jury proceeding has not been used as a subterfuge for obtaining records for a civil investigation or proceeding. In this case, this would appear easily demonstrated by virtue of the indictment and successful prosecution of the taxpayer. Further, a general description of the materials sought to be disclosed should be provided in order that the court can intelligently determine that the materials sought to be disclosed have some rational connection with a specific existing or contemplated judicial proceeding as envisioned by Rule 6(e)(2)(C)(i).

An *ex parte* hearing will be scheduled at which the government will be expected to satisfy the requirements set forth above. While Rule 6(e)(2)(C)(i) does not explicitly require a hearing, the legislative history shows that Congress contemplated that a judicial hearing would be held in connection with the issuance of an order under this provision. *See* Senate Report, *supra.* The legislative history further reveals that, although aware of case law holding that disclosure to government agency personnel should be allowed only after an adversary hearing, Congress contemplated that ". . . the judicial hearing in connection with an application for a court order by the government under subparagraph 3(c)(i) [sic] should be *ex parte* so as to preserve, to the maximum extent possible, grand jury secrecy." Senate Report, *supra.*