**In re GRAND JURY, Miscellaneous No. 979 (Northern District of Texas).**

No. 78–2935.

United States Court of Appeals, Fifth Circuit.

Oct. 18, 1978.

Richard L. Cys, Verner, Liipfert, Bernhard & McPherson, Stuart F. Pierson, Harry C. McPherson, Washington, D. C., Thomas C. Unis, Dallas, Tex., for appellant.

Kenneth J. Mighell, U. S. Atty., Fort Worth, Tex., Shirley Baccus-Lobel, Asst. U. S. Atty., Dallas, Tex., Eugene R. Sullivan, Civil Div., Fraud Sect., Alan Strasser, J. Roger Edgar, Attys., U. S. Dept. of Justice, Washington, D. C., for appellee.

Before GODBOLD, RONEY and RUBIN, Circuit Judges.

BY THE COURT:

The appellant was indicted by a grand jury and pled *nolo contendere* to the charges against it; therefore, no criminal proceedings against it as a result of this investigation are pending. Thereafter, the district court signed an order granting access to materials gathered during the investigation to attorneys for the Civil Division of the Department of Justice and other government personnel necessary to assist them. The appellant seeks a stay of this order.

Because these attorneys were entitled to access to the grand jury materials without an order from the district court judge, and the materials were shown to be rationally related to civil matters within their duties as government attorneys, the applicant fails the first test for a stay, the likelihood of success on appeal. *Beverly v. United States*, 5 Cir. 1972, 468 F.2d 732, 740 n.13; *Fortune v. Molpus*, 5 Cir. 1970, 431 F.2d 799, 804; *Pitcher v. Laird*, 5 Cir. 1969, 415 F.2d 743, 744–45; *Belcher v. Birmingham Trust National Bank*, 5 Cir. 1968, 395 F.2d 685, 685–86; *Virginia Petroleum Jobbers Association v. FPC*, 1958, 104 U.S.App. D.C. 106, 110, 259 F.2d 921, 925. Accordingly, its motion for a stay pending appeal must be denied. Ordinarily, we would simply enter an order to that effect; however, because the issue appealed may be moot once the material has been disclosed, and because of its importance, we discuss the merits to show, in some detail, why we believe the chances of appellate success on the merits are scant.

## I

In 1975 the United States Attorney for the Northern District of Texas commenced a grand jury investigation into possible criminal activity in connection with the Federal Insured Student Loan Program ("FISLP"). This investigation was continued by several grand juries and ultimately resulted in an indictment against appellant, LTV Corporation ("LTV"), LTV Education Systems, Inc. ("LTV–ESI"), a subsidiary related to LTV, and one other corporation. All three defendants entered pleas of *nolo contendere* to various counts of the indictment as part of a plea arrangement.

Prior to the indictment, LTV–ESI had filed a petition in the United States Court of Claims seeking to recover under insurance contracts for the government's refusal to pay FISLP default claims. Shortly after the filing of that action, but prior to its indictment, LTV sought remedial and injunctive relief from alleged use of the grand jury to prepare the government's defense to the civil action. The district court denied the requested relief. LTV filed appeals from each of the orders of the district court but, because the issues were apparently mooted by the plea arrangement, the parties stipulated to dismissal of the appeals.

Eleven days after the *nolo contendere* pleas were accepted, the United States moved in the district court for an order pursuant to Rule 6(e) of the Federal Rules of Criminal Procedure granting access to the grand jury materials to attorneys for the Civil Division of the Department of Justice and other government personnel necessary to assist them. The United States alleged that the grand jury materials

**130**

were needed to prepare an answer to and otherwise defend the action brought against it by LTV–ESI and to ascertain whether or not other actions should be commenced against LTV or its subsidiaries. The court granted the motion after a hearing at which LTV opposed it on the grounds of grand jury abuse.

## II

■ Rule 6(e), as amended in 1977, permits the disclosure of grand jury materials without a court order only when made to attorneys for the government in the performance of their duties or to government personnel deemed necessary to assist an attorney for the government in the performance of his duties *to enforce federal criminal law.* This disclosure limitation, restricting use to criminal law enforcement, does not apply to government attorneys. It thus apparently confirms the prior rule that information may be imparted to an attorney for the government for use in civil as well as criminal matters that are included in the duties of the attorney. *United States v. Procter & Gamble Co.,* 1958, 356 U.S. 677, 684, 78 S.Ct. 983, 987, 2 L.Ed.2d 1077, 1083 (dicta); *United States v. General Electric Co.,* E.D.Pa.1962, 209 F.Supp. 197; *In re Petroleum Industry Investigation,* E.D.Va. 1957, 152 F.Supp. 646. *See In re William H. Pflaumer & Sons, Inc.,* E.D.Pa.1971, 53 F.R.D. 464, 476; *Washington v. American Pipe & Construction Co.,* S.D.Cal.1966, 41 F.R.D. 59, 62. Whether the amendments affected the prior rule has never been considered by our court or any other appellate court, but the legislative history confirms that the amendments to Rule 6(e) did not and were not intended to eliminate or restrict that rule. *See* 123 Cong.Rec. H7865–68 (daily edition July 27, 1977); S.Rep.No. 95–354, 95th Cong., 1st Sess. 5–8, *reprinted in* [1977] U.S.Code Cong. & Admin.News, pp. 527, 529–32.

■ Attorneys for the Justice Department in civil as well as in criminal matters are "attorneys for the government" as defined in Federal Rule of Criminal Procedure 54(c) because they are "authorized assistants of the Attorney General." *See* 28 U.S.C. §§ 510, 516 (1976) and 28 C.F.R. § 0.45(d) (1977). The defense and prosecution of civil actions involving the United States is part of the function of the Civil Division of the Department of Justice. Therefore, disclosure of the grand jury materials sought in this case to attorneys of the Civil Division for the defense and investigation of civil actions is authorized by Rule 6(e) even without a disclosure order. The provision in the order of the district judge for disclosure to the Justice Department attorneys may have been redundant, but it certainly was not an abuse of judicial discretion.

Disclosure to government personnel deemed necessary to assist government attorneys in performing their duty to enforce civil law is permitted only "when so directed by a court preliminarily to or in connection with a judicial proceeding." Federal Rule of Criminal Procedure 6(e)(2)(C)(i).[1] Ordinarily, this requires a demonstration of "particularized need." *E. g., Pittsburg Plate Glass Co. v. United States,* 1959, 360 U.S. 395, 400, 79 S.Ct. 1237, 1241, 3 L.Ed.2d 1323, 1327; *United States v. Procter & Gamble Co., supra,* 356 U.S. at 683, 78 S.Ct. at 987, 2 L.Ed.2d at 1082. This requirement is imposed to ensure that disclosure is consistent with the policies requiring grand jury secrecy that Rule 6(e) was designed to implement. *See United States v. Procter & Gamble Co., supra,* 356 U.S. at 681 n.6, 78 S.Ct. at 986, 2 L.Ed.2d at 1081; *United States v. Amazon Industrial Chemical Corp.,* D.Md.1931, 55 F.2d 254, 261.

After a grand jury's investigation has terminated, most of the reasons for grand jury secrecy are no longer applicable and the others are less compelling. The indicted will not flee; the investigation has not been impeded; witnesses cannot be bribed

---

1. Disclosure may be made without a court order to "such government personnel as are deemed necessary by an attorney for the government to assist an attorney for the government in the performance of such attorney's duty to enforce Federal criminal law." Federal Rule of Criminal Procedure 6(e)(2)(A)(ii).

or intimidated; it is less likely that an innocent person will suffer injury to his reputation. The major danger posed by disclosure of grand jury materials to government personnel needed to assist attorneys for the government in investigation of a civil case is the increased hazard of information becoming public knowledge. Disclosure to government personnel for the purpose of obtaining their assistance will not be likely to encourage or make possible abuse of the grand jury. Because the grand jury will have terminated its investigation, those assisting the attorneys will not be in a position to guide the grand jury's criminal investigation. Although there is the danger that attorneys for the government may direct the grand jury's inquiry into civil matters, that danger is not increased by disclosure to other government personnel for the purpose of obtaining their assistance after the grand jury investigation has ended.

If grand jury materials are to be available to government attorneys for possible civil use, those lawyers should be able to obtain needed assistance in evaluating and handling the materials without proving a case. Grand jury secrecy will be adequately protected by requiring that, before an order may be obtained directing disclosure to other federal personnel, the government must show that the grand jury materials are rationally related to civil matters within the duty of an attorney for the government and that he requires assistance from the non-lawyers described. It would entail needless duplication of effort both by the government and witnesses to require a new marshalling of the material already produced before the grand jury.[2]

Here, attorneys who will use the materials for civil purposes have access to the materials regardless of whether or not disclosure is granted to other government personnel; there is, therefore, little reason to require an affirmative showing that the grand jury inquiry was directed in good faith. Judicial scrutiny at this stage would likely be at an *ex parte* hearing in which the probability of finding grand jury abuse would be remote. The question of grand jury abuse may be handled more effectively in a situation such as this through consideration of a motion for a protective order or a motion for other relief once a civil action has been brought. A full hearing involving both parties may be held to consider such motions if they become necessary.

The government showed in this case that the grand jury materials sought to be disclosed to government personnel needed to assist attorneys for the government were rationally related to civil matters within the duty of those attorneys. LTV has failed to demonstrate that, on the merits, it would be likely to persuade us that the court order directing disclosure to government personnel was an abuse of discretion.

Accordingly, appellant's motion for a stay pending appeal is DENIED.[3]

---

2. This was a major reason relied upon in a case holding that disclosure of grand jury materials for use in civil tax enforcement would be authorized upon a showing that the materials had "some rational connection with a specific existing or contemplated judicial proceeding . ." *In re December 1974 Term Grand Jury Investigation*, D.Md.1978, 449 F.Supp. 743, 750–51, *cited approvingly in In re Grand Jury Subpoenas*, 4 Cir. 1978, 581 F.2d 1103 [Nos. 78–1335/1336, August 3, 1978]. Of course, in that case the order directed disclosure to an IRS lawyer who is an agency, not a government, attorney within the meaning of Rule 6. Therefore the court imposed the additional requirement that the government show a good faith use of the grand jury. 449 F.Supp. at 751. If agency attorneys cannot demonstrate that grand jury materials were gathered in good faith, the court can deny the attorneys access to the materials. The judicial inquiry is also limited to the interaction between agency personnel and the Department of Justice during the course of the grand jury investigation.

3. This order is not intended to rule upon the contention of appellant that disclosure of the grand jury materials should also be made to it. Appellant may seek the materials during discovery in any civil proceeding in which the government uses them. We intimate no opinion concerning the result of the quest.