UNITED STATES of America and Federal Maritime Commission, Appellants,

v.

Philip E. BATES et al., (two cases).

UNITED STATES of America and Federal Maritime Commission, Appellants,

v.

ATLANTIC CONTAINER LINE, LTD., et al., (two cases).

Nos. 79–1930, 79–1931, 79–2162 and 79–2171.

United States Court of Appeals, District of Columbia Circuit.

Argued March 14, 1980.

Decided April 18, 1980.

Rehearing Denied June 30, 1980.

---

20. *Id.* at 33–39.

21. *See* 15 U.S.C.A. § 2003(a)(1) (1979).

Marion L. Jetton, Atty., Dept. of Justice, Washington, D. C., with whom Barry Grossman, Atty., Dept. of Justice, Edward G. Gruis, Deputy Gen. Counsel and Anne E. Mickey, Atty., Federal Maritime Commission, Washington, D. C., were on the brief, for appellants.

John C. Fricano, Washington, D. C., with whom John M. Nannes, Washington, D. C., were on the brief, for appellees, Sea-Land Service, Inc., et al.

Sanford M. Litvack, New York City, was on the brief, for appellee, United States Lines, Inc., et al.

William Karas, Washington, D. C., was on the brief, for appellee, Atlantic Container Line, Ltd., et al., George W. Wise, Washington, D. C., also entered an appearance for appellee, Atlantic Container Line, Ltd.

Richard P. McGrath, Stamford, Conn., was on the brief, for appellee, American Export Lines, Inc.

Edwin Longcope, Washington, D. C., was on the brief, for appellee, Dart Container Line Co., Ltd. in Nos. 79–2162 and 79–2171 only.

Stanley O. Sher and Frank E. Massengale, Jr., Washington, D. C., were on the brief, for appellee, Hapag-Lloyd, Aktiengesellschaft.

William E. McDaniels and Jane E. Genster, Washington, D. C., were on the brief, for appellee, Seatrain Lines, Inc.

Preston Brown, Washington, D. C., was on the brief, for appellee, Manuel Diaz in No. 79–2171 only.

Seymour Glanzer, Washington, D. C., was on the brief, for appellee, Howard A. Levy in No. 79–2171 only.

Robert A. Bicks, New York City, also entered an appearance for appellee, Edward J. Heine, Jr., in No. 79–1930 only.

Before MacKINNON, ROBB and WALD, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM.

On June 1, 1979, the District of Columbia grand jury completed its investigation of ocean shipping in the North Atlantic Ocean, and returned two one-count indictments charging seven carriers and thirteen individuals with violating Section 1 of the Sherman Act, 15 U.S.C. § 1. On June 21, 1979, the Federal Maritime Commission filed a petition in the district court under Fed.R. Crim.P. 6(e)(3)(C)(i) seeking access to "all proceedings before the grand jury" in both the criminal cases. This Rule provides:

(C) Disclosure otherwise prohibited by this rule of matters occurring before the grand jury may also be made—

(i) when so directed by a court preliminarily to or in connection with a judicial proceeding;

Subsequently, the Commission served an order of investigation naming defendant carriers and their conferences as respondents,

and directing an adjudicatory hearing to be held to determine whether practices alleged in the indictments violated Section 15 of the Shipping Act, 46 U.S.C. § 814. The district court denied the Commission's petition, holding that the grand jury materials sought are not preliminary to or in connection with a judicial proceeding as required by the Rule. We affirm. *See In re Grand Jury Proceedings*, 309 F.2d 440 (3d Cir. 1962) (Federal Trade Commission investigation was administrative, and not preliminary to a judicial proceeding).

Much of the authority relied upon by the Commission is distinguishable from the instant case. For instance, disciplinary proceedings of lawyers, where bar committees act as an arm of the court, are a function which has been assigned to the judiciary from time immemorial. It is not only preliminary to a judicial proceeding, it is *part* of a judicial proceeding. *See, e. g., In re Disclosure of Testimony Before Grand Jury*, 580 F.2d 281, 285–286 (8th Cir. 1978) ("the procedures for prosecuting violators of criminal laws, disciplining lawyers and removing judges were designed to culminate in a judicial proceeding and, therefore, all the requests of the applicants were 'preliminary to or in connection with a judicial proceeding' "); *Doe v. Rosenberry*, 255 F.2d 118, 120 (2d Cir. 1958).

Investigations by Internal Revenue agents working with United States attorneys on criminal cases are also clearly preliminary to judicial proceedings. *In re Grand Jury Subpoenas, April, 1978, At Baltimore*, 581 F.2d 1103 (4th Cir. 1978), *cert. denied sub nom., Fairchild Industries, Inc. v. Harvey*, 440 U.S. 971, 99 S.Ct. 1533, 59 L.Ed.2d 787 (1979); *Robert Hawthorne, Inc.*

*v. Director of Internal Revenue*, 406 F.Supp. 1098 (E.D.Pa.1976).[1]

It should also be noted that the amendment to Rule 6 effective July 30, 1977 (91 Stat. 319) specifically authorizes disclosure to "an attorney for the government for use in the performance of such attorney's duty." Fed.R. Crim.P. 6(e)(3)(A)(i). The notes of the Advisory Committee on the rules included the following comment with respect to that portion of the Rule:

> As defined in rule 54(c), " 'Attorney for the government' means the Attorney General, an authorized assistant of the Attorney General, a United States Attorney, an authorized assistant of a United States Attorney and when applicable to cases arising under the laws of Guam * * *." The limited nature of this definition is pointed out in *In re Grand Jury Proceedings*, 309 F.2d 440 (3d Cir. 1962) at 443:

> > The term attorneys for the government is restrictive in its application. * * * If it had been intended that the attorneys for the administrative agencies were to have free access to matters occurring before a grand jury, the rule would have so provided.

Obviously, this language supports the holdings in the IRS cases and bolsters the district court's decision in the instant case to deny the Commission's petition.

On consideration of the foregoing, it is ordered and adjudged that the judgment of the district court appealed from in this cause is hereby affirmed.

*Judgment Accordingly.*

---

1. The Court disagrees with the holdings of *United States v. Saks & Co.*, 426 F.Supp. 812 (S.D.N.Y.1976) and *In re December 1974 Term Grand Jury Investigation*, 449 F.Supp. 743 (D.Md.1978) to the extent that they are contrary to our holding in the instant case. *Saks & Co.* simply did not address the question whether the Federal Trade Commission investigation at issue there was preliminary to a judicial proceeding, nor did *In re December 1974 Term Grand Jury Investigation* decide that an agency may have access to grand jury materials for civil activities not preliminary to a judi-

cial proceeding. The court in the latter case in fact held that "a general description of the materials sought to be disclosed should be provided in order that the court can intelligently determine that the materials sought to be disclosed have some rational connection with a specific existing or contemplated judicial proceeding as envisioned by Rule 6(e)(2)(C)(i) [now Rule 6(e)(3)(c)(i)]." 449 F.Supp. at 751. The court then ordered the holding of a hearing "at which the government will be expected to satisfy the requirements set forth above." *Id.*