Petition of the **UNITED STATES FOR the DISCLOSURE OF GRAND JURY MATTERS (MILLER BREWING COMPANY).**

No. 80–Misc. 40.

United States District Court,
E. D. Wisconsin.

March 2, 1981.

Thomas Martin and Joseph P. Stadtmueller, U. S. Attys., Milwaukee, Wis., for U. S.

Gimbel, Gimbel & Reilly, by Stanley Gimbel, Milwaukee, Wis., for intervenors.

Quarles & Brady by Thomas J. Donnelly, Milwaukee, Wis., for Miller Brewing Co.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

On October 1, 1980, the United States filed a petition seeking disclosure of certain grand jury matters, pursuant to Rule 6(e), Federal Rules of Criminal Procedure. Presently before the court are the motions to intervene of five parties affected by the petition and the motion of one intervenor to inspect certain of the grand jury materials which the government seeks to disclose.

This matter arises out of a prolonged government investigation of the tax affairs of the Miller Brewing Co. In late 1979, a grand jury was empaneled to investigate the situation; this grand jury investigation terminated ·in the summer of 1980 without the return of an indictment. The criminal investigation is now closed. The government now seeks to disclose eight categories of information developed by the grand jury to internal revenue service civil investigators, who have continued their separate investigations.

This petition is brought pursuant to Rule 6(e)(3)(C)(i), Federal Rules of Criminal Procedure, which provides an exception to the general policy against disclosure of matters occurring before the grand jury, see Rule 6(e)(2). Subparagraph (3)(C)(i) provides:

"(C) Disclosure otherwise prohibited by this rule of matters occurring before the grand jury may also be made—

(i) when so directed by a court preliminarily to or in connection with a judicial proceeding."

## I. INTERVENTION

Miller now seeks to intervene in this action, as do four current or former employees of Miller who testified before the grand jury and whose testimony, collectively, is one item the government wishes to disclose. The government has not specifically opposed the request for intervention; however, I am persuaded that this motion to intervene should be granted even if the government does oppose it.

Rule 6(e) was substantially modified by Congress in 1976. These modifications were intended to reaffirm the long-established policy of grand jury secrecy while at the same time providing a procedure to facilitate the appropriate release of grand jury material. Comments made by the Senate Committee on the Judiciary would tend to discourage intervention: "It is contemplated that the judicial hearing in connection with an application for a court order by the government under subparagraph (3)(C)(i) should be ex parte so as to preserve, to the maximum extent possible,

grand jury secrecy." Senate Report No. 95–354, 95th Cong. 1st Sess. at 8, rpt. in [1977] U.S.Code Cong. & Adm.News, p. 527, 532. However, the court of appeals for this circuit, examining this issue under the previous version of Rule 6(e), held that parties such as those seeking to intervene here are entitled to do so. *State of Illinois v. Sarbaugh*, 552 F.2d 768, 772–73 (7th Cir. 1977).

The Supreme Court has recently held that parties such as these intervenors have standing to object to a disclosure order. *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 218 n. 8, 99 S.Ct. 1667, 1672 n. 8, 60 L.Ed.2d 156 (1979). Accordingly, I will grant the motions to intervene of Miller and the four individual intervenors.

## II. INSPECTION BY MILLER

Miller has also moved to allow it to inspect the material in five of the eight categories the government petitions to disclose. These five categories contain material subpoenaed by the grand jury from third parties and the testimony of the four individual intervenors. The government has consistently refused Miller access to this material. Miller argues that it needs to inspect these materials so that it may support its argument "that the grand jury proceeding was not conducted solely for the purpose of a good faith criminal tax investigation." In support of this motion, Thomas Donnelly, counsel for Miller, has filed an affidavit in which he avers: "Affiant believes that an examination of the grand jury material specified in the petition of the United States is necessary for the affiant ... to demonstrate the true purposes for the commencement of the grand jury investigation...." Donnelly affidavit of October 14, 1980, ¶ 7.

In light of the congressional statement that this type of proceeding is to be *ex parte*, there is some doubt about the propriety of granting such a motion. Miller's position is that in order to respond to the government's petition for disclosure under Rule 6(e)(3)(C)(i), the court must grant disclosure to Miller pursuant to the same rule. This would seem directly to violate the con-

gressional intent when it created the rule, as well as the policy of grand jury secrecy. Even if I were to assume, arguendo, that such an inspection is permissible, I find that Miller has not met its burden of justifying this disclosure.

The standard of law applicable here is whether Miller has demonstrated a "particularized need" for the material in question.

"[T]his 'indispensable secrecy of grand jury proceedings,' must not be broken except where there is a compelling necessity. There are instances when that need will outweigh the countervailing policy. But they must be shown with particularity." *United States v. Procter & Gamble*, 356 U.S. 677, 682 [78 S.Ct. 983, 986, 2 L.Ed.2d 1077] (1958), quoting *United States v. Johnson*, 319 U.S. 503, 513 [63 S.Ct. 1233, 1238, 87 L.Ed. 1546] (1943).

Miller contends that it has demonstrated a particularized need. It argues that it has raised serious questions regarding the government's use of the grand jury; specifically, Miller urges that certain of the subpoenas do not relate to any charges the grand jury had the power to bring. The government has filed affidavits presenting its explanations for these subpoenas. Miller argues that if it is permitted to examine the other material, it may be able to discover further examples of misuse of this grand jury.

Miller correctly urges that it is an abuse of the grand jury process to use the grand jury's investigative powers to pursue a civil investigation. *Procter & Gamble, supra*, 356 U.S. at 683, 78 S.Ct. at 986; *In re April 1956 Grand Jury*, 239 F.2d 263, 271–73 (7th Cir. 1956). "If the powers of the grand jury, including the power to subpoena documents, are used, not for the purpose of criminal investigation but rather to gather evidence for civil enforcement, there exists an abuse of the grand jury process." *In re Grand Jury Subpoenas, April 1978*, 581 F.2d 1103, 1108 (4th Cir. 1978); citing *Procter & Gamble, supra*. Miller's need to show such an abuse must be balanced against the policy of grand jury secrecy.

*Procter & Gamble* enumerated five reasons for the policy of grand jury secrecy, but it is the fourth reason that is relevant to the instant case.

"(4) [T]o encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes." *Procter & Gamble, supra,* 356 U.S. at 682 n. 6, 78 S.Ct. at 986 n. 6.

The material here consists of documentary evidence subpoenaed from third parties and the testimony of current and past employees of Miller. Miller, which was the target of the grand jury, has never seen this material.

To balance the competing interests here, I must consider the effect which disclosure to Miller might have on these parties and on the proper function of grand juries. This grand jury has completed its operations, but that does not eliminate the need for secrecy.

"[I]n considering the effects of disclosure on grand jury proceedings, the courts must consider not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries. Persons called upon to testify will consider the likelihood that their testimony may one day be disclosed to outside parties. Fear of future retribution or social stigma may act as powerful deterrents to those who would come forward and aid the grand jury in the performance of its duties. Concern as to the future consequences of frank and full testimony is heightened where the witness is an employee of a company under investigation. Thus, the interests in grand jury secrecy, although reduced, are not eliminated merely because the grand jury has ended its activities." *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 222 [99 S.Ct. 1667, 1674, 60 L.Ed.2d 156] (1979).

The Court has also stated: "[T]estimony would be parsimonious if each witness knew that his testimony would soon be in the hands of the accused." *Pittsburgh Plate Glass Co. v. United States,* 360 U.S. 395, 400, 79 S.Ct. 1237, 1241, 3 L.Ed.2d 1323 (1959).

■ Weighing Miller's desire to inspect against the important policy of secrecy, I am satisfied that Miller's motion must be denied. I do not believe that Miller has made an argument of potential abuse of this grand jury which is sufficient to outweigh the policy of secrecy. The four individual intervenors have objected to disclosure to Miller. In addition, some of the material sought was subpoenaed from Miller's largest competitor. These are precisely the types of issues the Supreme Court addressed in *Douglas Oil* and *Procter & Gamble.* Concern over competitors viewing sensitive information is so great in this industry that Miller felt compelled in this proceeding to seek an emergency hearing to recover certain materials the government had sent to this very competitor. These matters, although relevant, do not weigh heavily in my decision. Even in the absence of these matters, I would find that Miller has not met its burden of showing a particularized need for these materials sufficient to outweigh the countervailing policy favoring nondisclosure.

### III.  DISCLOSURE TO INTERNAL REVENUE SERVICE

Miller argues that if it is not entitled to disclosure, then neither is the government. The government is before me seeking to disclose to its civil investigators information developed by its criminal investigators through the use of a grand jury. It seeks to use a procedure which Congress established for this very situation. The civil investigators have every right to this material if the government is able to meet the various tests contemplated by Congress and the courts. *See In re Grand Jury Subpoenas, April 1978,* 581 F.2d 1103, 1109–10 (4th Cir. 1978); *In re December 1974 Term Grand Jury Investigation,* 449 F.Supp. 743, 747 (D.Md.1978).

This is a far different position from that of the grand jury target who seeks to discover testimony and evidence compelled from third parties by grand jury subpoena

solely so that it may attempt to show abuse of the grand jury process. That position must yield to the strong policy in favor of grand jury secrecy.

The orderly disposition of this matter still remains. The government has requested that I proceed to the merits of this controversy on the basis of the record presently before me. While this position has some merit, in light of the record's already voluminous size, I must decline the government's invitation to resolve this matter. Miller has expressly reserved its right to respond to the government's position, stating that it would not, indeed could not, respond to the petition prior to a decision regarding its motion. In addition, despite the size of the record, Miller has refrained from addressing some of the arguments presented by the government over the course of this action. Therefore, I will permit Miller to respond to the government's position. However, this petition has been pending since October 1, 1980, and prompt resolution should be accomplished. Accordingly, Miller and the other intervenors should serve and file any further responses they wish to make to the petition within fourteen days of the date of this order. Any reply of the government is to be served and filed within ten days thereafter.

In addition, the government will as soon as it is practicable provide the court with the items the government seeks to disclose. That will facilitate whatever *in-camera* examination may be necessary. *See Douglas Oil*, 441 U.S. 211, 224–31, 99 S.Ct. 1667, 1675–79, 60 L.Ed.2d 156 (1979). It is possible that an evidentiary hearing may be necessary to resolve this matter, but I will reserve ruling on that issue until I have examined the complete record.

■ One other area of this case is appropriate for resolution at this time. The parties disagree whether this proceeding is the correct one in which to assess the propriety of the government's use of the grand jury. The government has alternatively suggested that Miller should have addressed this issue at the time of the grand jury, or at the future time when the government attempts to introduce any disclosed material into evidence at the subsequent judicial proceeding.

The government's view is not persuasive on this point. Most of the cases it cites do not deal with the issue of disclosure under Rule 6(e)(3)(C)(i). The holding in *In re 1975 Grand Jury Investigation of Associated Milk Producers, Inc.*, 566 F.2d 1293 (5th Cir. 1978), does not really support the government's position. On the other hand, the court of appeals for the fourth circuit has expressed support for Miller's position.

"We fully agree that the government should be required to demonstrate its *bona fides* prior to obtaining a Rule 6(e)(2)(C) [sic] order. This showing is particularly important where a grand jury fails to return an indictment." *In re Grand Jury Subpoenas, April 1978*, 581 F.2d 1103, 1110 (4th Cir. 1978) (dicta); *see In re December 1974 Term Grand Jury Investigation*, 449 F.Supp. 743, 747 (D.Md.1978).

Thus the issue of the government's use of the grand jury will bear heavily on the merits of the government's petition.

## IV. CONCLUSION

Therefore, IT IS ORDERED that the motions to intervene of Miller and the four individual intervenors be and hereby are granted.

IT IS ALSO ORDERED that the motion to inspect of Miller be and hereby is denied.

IT IS FURTHER ORDERED that the government provide to the court as soon as it is practicable those items it seeks to disclose pursuant to its petition.

IT IS FURTHER ORDERED that resolution of the government's motion for disclosure to agents of the internal revenue service be postponed until completion of briefing outlined above.