UNITED STATES of America, Plaintiff-Appellee,

State of California et al., Petitioners-Appellees,

v.

B. F. GOODRICH COMPANY, Defendant-Appellant.

No. 79–4009.

United States Court of Appeals, Ninth Circuit.

May 22, 1980.

As Amended July 15, 1980.

Gerald W. Palmer, Los Angeles, Cal., argued for defendant-appellant; Jones, Day, Reavis & Pogue, Los Angeles, Cal., on the brief.

Linda L. Tedeschi, San Francisco, Cal., argued for State of California et al.

Peter L. de la Cruz, Washington, D. C. argued for United States, Robert B. Nicholson, Washington, D. C. and Bernard H. Meyers, San Francisco, Cal., on the brief.

Before TRASK and SNEED, Circuit Judges, and SOLOMON,* District Judge.

PER CURIAM:

B. F. Goodrich Company (Goodrich) appeals from an order permitting the State of California and fifteen other states to inspect and copy federal grand jury materials.

In September 1976, a special grand jury was empaneled in the Northern District of California to investigate possible violations of the antitrust laws in Goodrich's sale of tires in six western states: Arizona, California, Colorado, Nevada, Oregon, and Washington. The grand jury called many witnesses and subpoenaed thousands of documents. In February 1978, the grand jury completed its term. It did not return an indictment.

In August 1978, the United States filed this civil antitrust action charging Goodrich with retail and wholesale price fixing in the sale of its passenger tires in the six western states.

* Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

On September 22, 1978, California filed an antitrust action against Goodrich in the district court. On the same day, California filed a motion to inspect and copy all grand jury materials gathered during the investigation of Goodrich. California sought the grand jury materials "to assist the California Attorney General in bringing [its] action under sections 4 and 4C of the Clayton Act (15 U.S.C. §§ 15, 15c)."

Fifteen other states joined the motion. None of these states had filed an action against Goodrich.

On December 12, 1978, the district court issued an order permitting each state to inspect and copy the grand jury materials. Goodrich appeals from this order.

Rule 6(e) of the Federal Rules of Criminal Procedure authorizes disclosure of grand jury materials, including transcripts of testimony, "when so directed by a court preliminarily to or in connection with a judicial proceeding." Fed.R.Crim.P. 6(e)(3)(C)(i). Private parties must also show a particularized and compelling need for the materials they seek. *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958). They must show that the materials sought are "needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 222, 99 S.Ct. 1667, 1674, 60 L.Ed.2d 156 (1979).

The states contend that section 4F(b) of the Clayton Act, 15 U.S.C. § 15f(b), authorizes the disclosure of the grand jury materials without a showing of particularized and compelling need.

Section 4F(b) provides:

[T]he Attorney General of the United States shall, upon request by . . . . [a] State attorney general, make available to him, to the extent permitted by law, any investigative files or other materials which are or may be relevant or material to . . . [an] actual or potential cause of action under [the Clayton Act]. 15 U.S.C. § 15f(b).

■ Goodrich contends that grand jury materials are not "investigative files or other materials" within the meaning of section 4F(b). We disagree. The words "investigative files or other materials" include the grand jury materials the states seek in this action.

■ Goodrich also contends that because section 4F(b) limits disclosure "to the extent permitted by law" the states must show a particularized and compelling need before the Attorney General can disclose grand jury materials. Both the Government and the states contend that section 4F(b) creates an exception to this requirement.

The legislative history is equivocal on this point. Notwithstanding remarks made during the Senate debate, the House Committee Report states that the Act provides

a new federal antitrust remedy which will permit the State attorneys general to recover monetary damages on behalf of State residents injured by violations of the antitrust laws. The [Hart-Scott-Rodino Act] is intended to compensate the victims of antitrust offenses, to prevent antitrust violators from being unjustly enriched, and to deter future antitrust violations. H.R.Rep.No.94–499, 94th Cong. 1st Sess. 3, *reprinted in* [1976] U.S. Code Cong. and Admin.News, p. 2572.

The House Report's discussion of section 4F(b) and the meaning of "to the extent permitted by law" states, "This means that the files are to be made available except where specifically prohibited." H.R.Rep. No.94–499, 94th Cong. 1st Sess. 17, *reprinted in* [1976] U.S.Code Cong. and Admin. News, p. 2586.

These statements and the Act itself indicate that Congress intended to make grand jury materials available to State attorneys general except where specifically prohibited and without a showing of particularized and compelling need. Title III of the Hart-Scott-Rodino Antitrust Improvement Act was intended to create effective state antitrust enforcement and places the State attorneys general on a different footing than private parties seeking redress for antitrust

violations. Section 4F(a) of the Clayton Act, 15 U.S.C. § 15f(a), requires the Attorney General to notify State attorneys general whenever the United States brings an antitrust action and he believes the State attorneys general is entitled to bring an antitrust action. Section 4F(b) is intended to assist State attorneys general in evaluating the notice given to them.

The need for access to grand jury materials is greater for states than for ordinary individuals because of the important place State attorneys general occupy in Congress's scheme for antitrust enforcement. This need is met by section 4F(b) which, in our view, impliedly directs the Attorney General of the United States to disclose grand jury materials to State attorneys general without the showing of particularized and compelling need which is normally required by Rule 6(e).

The district court included protective provisions in its order which limited disclosure of the grand jury materials to State attorneys general and designated members of their staffs. Only one copy of the materials could be made by or for each attorney general, who was then responsible for the custody of that copy. Public disclosure of the names and testimony of the grand jury witnesses was prohibited until the need for it arose at trial or until the names and testimony were disclosed to Goodrich or made public in some other lawful manner. Names and testimony could be disclosed during discovery only if they were subject to a protective order or a stipulation between counsel ensuring its confidentiality. The district court also limited the use of grand jury materials to the preparation and trial of *State of California, et al. v. B. F. Goodrich Company* or for the trial of other actions which may be brought under state or federal statutes.

■ We add the following additional limitations. The Attorney General need not disclose the materials if he objects to their disclosure. He may not disclose grand jury materials unless the grand jury completes its term without returning an indictment or, if an indictment is returned, no criminal charges are pending against the defendant.

State attorneys general may use the grand jury materials only to investigate or bring civil antitrust actions; they may not use the materials in a criminal prosecution.

Goodrich also contends that the materials disclosed must be limited in substantive, geographic and temporal scope and that the grand jury materials are not relevant to each of the states.

■ Disclosure need not be limited to the same substantive violation alleged by the Government. Section 4F(b) permits disclosure of materials which "are or may be relevant or material to the actual or potential cause of action . . . ." under the Clayton Act. Time and geographic limitations may be unnecessary; the existence of conspiracies at other times and in other places may be relevant to determine whether a conspiracy existed at a later time in another place. Our examination of the record reveals that the material here sought was relevant.

We affirm the district court's order as modified by this opinion.