### In re 1978–1980 GRAND JURY PROCEEDINGS.

### No. M80–2 AKRON.

United States District Court,
N. D. Ohio, E. D.

Sept. 22, 1980.

James R. Williams, U. S. Atty., Nancy C. Schuster, Asst. U. S. Atty., Cleveland, Ohio, for plaintiff.

CONTIE, District Judge.

This matter is before the Court upon the ex parte motion of the United States Attorney seeking a court order authorizing disclosure to Internal Revenue Service (I.R.S.) agents of matters occurring before grand jury proceedings for use in the civil investigation of the tax liabilities of an individual taxpayer.

A grand jury investigation focusing on the individual taxpayer was concluded on April 17, 1980, with the return of a criminal indictment charging violations of 18 U.S.C. §§ 371, 1341, and 1342. A verdict of guilty on three counts of the indictment was returned by a jury, and this Court entered judgment of conviction and imposed sentence. The I.R.S. is currently conducting an examination of the individual taxpayer's civil tax liability for the years 1973–79. The United States Attorney seeks authorization to disclose books, records, documents, and transcripts of testimony of persons subpoenaed before the grand jury for use by the I.R.S. in determining the individual taxpayer's tax liability.

So long as the grand jury was used for the legitimate purpose of a criminal investigation, evidence developed through the grand jury investigation may be used for civil law enforcement purposes. *See United States v. Procter & Gamble Co.*, 356 U.S. 677, 683, 78 S.Ct. 983, 986, 2 L.Ed.2d 1077 (1958); S.Rep.No.95–354, 95th Cong., 1st Sess. 8, *reprinted in* [1977] U.S.Code Cong. & Ad.News 527, 532. Rule 6(e), Federal Rules of Criminal Procedure, provides in relevant part that:

(C) Disclosure otherwise prohibited by this rule of matters occurring before the grand jury may also be made—

(i) when so directed by a court *preliminary to or in connection with a judicial proceeding*. (emphasis added).

At this time, the contemplated use by the I.R.S. of the grand jury information is purely administrative. The I.R.S. is authorized to calculate a deficiency and send notice of the deficiency to the taxpayer. 26 U.S.C. §§ 6211 et seq. If the taxpayer decides simply to pay the deficiency, the matter is concluded. On the other hand, the taxpayer may challenge the assessment in court. It is only when taxpayer chooses neither to pay the deficiency nor to contest the assessment that the I.R.S. may initiate proceedings to collect the assessed deficiency. Whether an assessment of deficiency will ever result in the commencement of judicial proceedings is purely speculative.

In light of these procedures, the Court finds that an application to disclose grand jury developed evidence to facilitate an I.R.S. determination of a tax deficiency is not preliminary to or in connection with a judicial proceeding. *See In re Special February 1975 Grand Jury*, 27 Crim.L.Rep. (BNA) 2458 (N.D.Ill. July 2, 1980).[1] *Cf. In re J. Ray McDermott & Co., Inc.*, 622 F.2d 166 (5th Cir. 1980) (disclosure of grand jury materials to F.E.R.C. is not preliminarily to or in connection with a judicial proceeding). At most, it is preliminarily to or in connection with an administrative proceeding. Any disclosure of matters occurring before the grand jury for use in an administrative proceeding violates Criminal Rule 6(e). *Cf. United States v. Gold*, 470 F.Supp. 1336, 1351 (N.D.Ill.1979) (disclosure of grand jury materials for use in an E.P.A. administrative proceeding is impermissible under Fed. R.Crim.P. 6(e)).

---

1. Because of the unique circumstances in the case, the district court used its general supervisory powers over the grand jury to order disclosure. The court reasoned that the individual's formal public acknowledgement of guilt in pleading guilty to the criminal charges eliminated the possibility that disclosure would cause injury to anyone. The circumstances in the instant application for disclosure, however, are inapposite.

Because the disclosure sought herein would not be preliminarily to or in connection with a judicial proceeding, it is not necessary to comment upon the applicable standard for disclosure to a governmental agency. It is important to note, however, that the Supreme Court has focused upon the need for the court ordering disclosure to be familiar with both the grand jury proceedings and the latter judicial proceedings so that disclosure can be properly limited. *See Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 224–31, 99 S.Ct. 1667, 1675–79, 60 L.Ed.2d 156 (1979). "Where, as in the present case, a judicial proceeding is only a possibility, proper limitation is practically foreclosed." *In re J. Ray McDermott & Co., Inc., supra* at 172.

Accordingly, the Court hereby denies in full the ex parte motion of the United States Attorney for authorization to disclose grand jury materials to the I.R.S.

IT IS SO ORDERED.