**Sidney STEIN, et al., Petitioners,**

v.

**UNITED STATES of America, Respondent.**

**Civ. A. No. 83-1492.**

United States District Court, D. New Jersey.

March 14, 1984.

DeMaria, Ellis & Hunt by William J. Hunt, William A. Fragetta, Newark, N.J., for petitioners.

W. Hunt Dumont, U.S. Atty., by Mary Catherine Cuff, Asst. U.S. Atty., Newark,

---

N.J., Charles H. Fash, U.S. Dept. of Justice, Washington, D.C., for the government.

## OPINION

### CLARKSON S. FISHER, Chief Judge.

Petitioners move for reconsideration of this court's November 21, 1983, judgment and order denying their petition to quash Internal Revenue Service (IRS) summonses. In *Sidney Stein, et al. v. United States*, Civil Action No. 83–1492 (November 18, 1983), this court determined that respondent's use of grand jury materials obtained pursuant to Fed.R.Crim. 6(e)(3)(C)(i) after June 30, 1983, would be impermissible in light of the recent Supreme Court decisions in *United States v. Sells Engineering, Inc.*, —— U.S. ——, 103 S.Ct. 3133, 77 L.Ed.2d 743 (1983), and *United States v. Baggot*, —— U.S. ——, 103 S.Ct. 3164, 77 L.Ed.2d 785 (1983). I found that under the facts of the present case, retroactive application of these Supreme Court decisions would be improper and, therefore, the IRS summonses would not be quashed.

Petitioners now seek reconsideration on the issue of retroactivity citing the Ninth Circuit decision in *Sells, Inc. v. United States*, 83–2 U.S.T.C. ¶ 9662 (C.C.H. 88,-377)(9th Cir. 1983) (*Sells* II). Petitioners contend that there is substantial similarity between the facts at bar and those in *Sells* II. Both cases concern the appropriateness of a district court's order granting disclosure of grand jury materials pursuant to rule 6(e)(3)(C)(i). Both arise from the IRS' desire to determine and fix the amount of civil tax liability. Additionally, both courts have found that disclosure pursuant to rule 6(e)(3)(C)(i) was inappropriate since such a determination is not a "judicial proceeding" under the principles enunciated in *Baggot*. The disagreement lies in whether *Baggot* controls the disposition of the case being decided by the respective court.

The Ninth Circuit in *Sells* II found that *Baggot* should apply to a disclosure order obtained three years before the Supreme

Court case was decided (C.C.H. at 88,379). The court found that

> [t]he general rule is that an appellate court should apply the law as it stands on the date of the appellate decision. See *Thorpe v. Housing Authority*, 393 U.S. 268, 281–83 [89 S.Ct. 518, 525–26, 21 L.Ed.2d 474] (1969); *United States v. The Schooner Peggy*, 5 U.S. (1 Cranch) 103, 110 [2 L.Ed. 49] (1801). This is true even if the result is reversal of a decision that was correct when made. Courts have made exceptions to this general rule to prevent manifest injustice, see, e.g. *Greene v. United States*, 376 U.S. 149 [84 S.Ct. 615, 11 L.Ed.2d 576] (1964), but this is not such a case. See *Bradley v. School Board*, 416 U.S. 696, 716–21 [94 S.Ct. 2006, 2018–21, 40 L.Ed.2d 476] (1974). Thus, we are bound to apply *Baggot* to the facts of this case.

Petitioners erroneously submit that this court sits in a posture identical to that of the Ninth Circuit in *Sells* II. Unlike the Ninth Circuit, this court is not acting as an "appellate court" with respect to the appropriateness of an earlier district court's rule 6(e) disclosure order and its subsequent appeal. The Ninth Circuit had before it the issue of the propriety of a rule 6(e) order. Having delayed its decision until the Supreme Court decided *Baggot*, the court reversed the district court, applying "current law" as dictated by the general principles quoted herein. *Sells* II, C.C.H. at 88,379.

The present case has nothing to do with applying current law to a pending rule 6(e) application. The only issue is whether the *Baggot* decision is to be enforced retroactively in order to quash three IRS summonses arising from a valid rule 6(e) order from which no appeal was taken. The Ninth Circuit did not resolve this precise issue in *Sells* II.

■ The relevant factors to be considered in determining whether a ruling is to be limited to prospective application are set out in *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), namely, (1) does the decision to be applied

**8**

nonretroactively establish a new principle of law either by "overruling clear past precedent" on which litigant may have relied, or by deciding an "issue of first impression whose resolution was not clearly foreshadowed," *Chevron,* 404 U.S. at 106, 92 S.Ct. at 355; (2) looking to the prior history of the rule, does retrospective operation further or retard its operation, 404 U.S. at 107, 92 S.Ct. at 355; and (3) "the inequity imposed by retroactive application." *Id. See also Marino v. Bowers,* 657 F.2d 1363, 1365 (3d Cir. 1981). On reconsideration of the requirements set out in *Chevron,* I find that respondent failed to meet the threshold requirement of a clear break with past precedent or establish that the issue was one of first impression.

■ In the civil context the clear-break principle, set out in the *Chevron* factors noted above, is considered the threshold test for determining whether or not a decision should be applied nonretroactively. *United States v. Johnson,* 457 U.S. 537, 550 n. 12, 102 S.Ct. 2579, 2587 n. 12, 73 L.Ed.2d 202 (1981). With respect to disclosure orders pursuant to rule 6(e), the determination lies within the sound discretion of the district court. *In re Grand Jury Proceedings,* 309 F.2d 440, 440 (3d Cir.1962); see *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979). That discretion has been exercised in light of judicially declared policy that the proper functioning of our grand jury system depends upon the secrecy of their proceedings. *Douglas Oil,* 441 U.S. at 218, 99 S.Ct. at 1672; see *United States v. Sells Engineering, Inc.,* — U.S. at ——, 103 S.Ct. at 3142. In reviewing the exercise of discretion by the district courts, two circuits had reached contrary positions—the Seventh Circuit in *In re Special February, 1975 Grand Jury,* 662 F.2d 1232 (7th Cir. 1981), and the Eighth Circuit in *In re Judge Elmo B. Hunter's Special Grand Jury,* 667 F.2d 724 (8th Cir. 1981). The Supreme Court in *United States v. Baggot* held in favor of the Seventh Circuit's analysis of the issue.

On reconsideration, respondent fails to convince this court that the single Eighth Circuit case establishes "clear precedent." (Respondent's reliance on *In re Grand Jury Subpoenas,* 581 F.2d 1103 (4th Cir. 1978) is misplaced.) In addition, in light of the Third Circuit decision, *In re Grand Jury Proceedings,* 309 F.2d 440 (3d Cir. 1962), sole reliance on the Eighth Circuit decision is unjustified. Finally, the existence of the Third Circuit decision and the extensive consideration given this issue by the Seventh and Eighth Circuits clearly demonstrate that *Baggot* was not a "case of first impression." Accordingly, I find that the threshold elements of "clear break" or case of first impression are not met and, therefore, *Baggot* should have been retroactively applied in my earlier decision. For the foregoing reasons my judgment and order of November 21, 1983, are vacated and the petition to quash the IRS summonses is granted. An order accompanies this opinion. No costs.